UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles D. Talbert,

        Plaintiff,

                                          Case No: 14-14550
                                          Hon. Victoria A. Roberts

v.

Packers Sanitation Services, Inc.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT [ECF NO. 26]**

Defendant Packers Sanitation Services, Inc., requests enforcement of a settlement agreement entered into by the parties. Talbert did not respond to the Motion to Enforce Settlement Agreement.

Packers says it emailed a settlement offer to Talbert's counsel on May 11, 2016, saying "allow this email to serve as Defendant's written offer to settle this matter for (redacted) in addition to a mutually agreeable settlement and release agreement." ECF No. 26 at 455. Talbert's counsel acknowledged the offer and said she would relay it to her client. On May 13, 2016, Talbert's counsel responded by email saying, "[m]y client is agreeable to the settlement outlined below." *Id.* at 457. Defense counsel put together a proposed settlement and release and emailed it to Talbert counsel. He also notified the Court on May 16,2016 that a settlement had been reached, that the parties

1

were working on documents, and would forward them to the Court when completed. Talbert counsel was copied on this email.  On May 23, 2016, Talbert's counsel told Packer's attorney over the phone that her client decided not to settle.

Packers says the parties have a valid settlement agreement; Talbert accepted the offer to settle.  The Court agrees that settlement was reached on all material terms: payment and release.  "Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

The parties agreed on a settlement amount.  Defense counsel sent proposed settlement documents to Tarra Talbert, but there is no record that those settlement documents were ever signed by Talbert.  However, the existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. *Remax Int'l, Inc. v. Reality One, Inc.,* 271 F.3d 633 (6th Cir. 2001).

Furthermore, since Talbert did not respond to the Motion to Enforce, his failure to respond is construed by the Court to mean that he does not oppose the relief requested.

Packers' Motion to Enforce Settlement Agreement is **GRANTED**.  The case is **DISMISSED** with Prejudice.

**IT IS ORDERED**.

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 17, 2016

2

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 17, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |